## Case No. 1,939.

### The BROOKLYN.

[4 Blatchf. 365;[1] 41 Hunt, Mer. Mag. 707.]

Circuit Court, S. D. New York. Sept. 26, 1859.

COLLISION— STEAM AND SAIL — INEVITABLE ACCIDENT—VIS. MAJOR.

The facts in this case made it one of collision by inevitable accident and vis major, resulting from the force of the tide and of running ice. Circumstances stated, under which one of the colliding vessels, being a steam ferryboat, was justified in running from New York to Brooklyn on a very cold night, and when the East river was full of broken and running ice, and in persisting in attempts to land at various points on the Brooklyn side.

[Cited, but not followed, in The John Tucker, Case No. 7,431; Wishing v. Transfer No. 2, 56 Fed. 315.]

[Appeal from the district court of the United States for the southern district of New York.]

In admiralty. This was a libel in rem, filed in the district court, by the owners of the schooner Sarah E. Packer, against the steam ferry-boat Brooklyn to recover damages for a collision which occurred between the two vessels on the evening of the 10th of January, 1856, in the East river. The schooner was lying in a slip at the south side of a dock, just above the Fulton ferry slip or dock, on the Brooklyn side of the river. The ferry-boat left her berth at Whitehall, between five and six o'clock in the evening, for a trip on the South ferry to Atlantic street, in Brooklyn. The usual trip occupied some seven or eight minutes. The East river, at this time, was full of broken and running ice. It was flood tide, which set the ice over against the Brooklyn shore. After the ferry-boat had passed across about two-thirds of the way, she found the ice so compact and solid, that she was obliged to desist from her efforts to enter the Atlantic street dock. She then drifted, with the tide up the river, and attempted to enter the Montague street dock, but failed. She then passed further on, with the view of entering the Fulton street dock, but, on reaching it, and being about to enter it, she encountered a large block of ice, which checked her progress, and, while she was thus obstructed, the tide and the ice outside swung her stern up the river, and brought it against the bow of the schooner, which lay next the river, breaking her jib-boom and bowsprit, beside doing some other damage, by forcing her against a brig that was stationed in the slip between her and the dock. The ferry-boat had on board from 500 to 600 passengers, besides as many teams as could be taken on that trip.

The night was excessively cold, and some two or three hours were consumed in the effort to cross the river and land the passengers and teams. The court below dismissed the libel [case not reported], and the libellants appealed to this court. [Affirmed.]

Welcome R. Beebe, for libellants.

Benjamin D. Silliman. for claimants.

NELSON, Circuit Justice. I have looked attentively into the proofs in this case, and all the facts and circumstances attending the trip of the ferry-boat, and, after the fullest consideration, cannot see that any fault was committed in her navigation. Every effort seems to have been made, by the hands on board of her, which skill and attention could suggest, to gain the dock at Atlantic street, and failing in this, to enter the nearest dock practicable on the Brooklyn side. The Fulton street dock, in the attempt to enter which the accident occurred, belonged to the proprietors of the boat. Besides, therefore, the force of the tide and ice which carried her there, it was a place where she had a right to enter and land her passengers; and it seems to me that, having reached this point, the accident was the result of circumstances entirely beyond the control of the hands on the boat.

It has been argued, that the boat should not have left her berth at Whitehall, taking into consideration the night and the condition of the river. But she had been running her trips regularly through the day, and the last trip was made just before five o'clock. The ice had been running in the river some weeks, and great difficulties were encountered in crossing, yet no one thought of closing the ferries between the two great cities on account of the obstructions.

It has also been argued, that the ferry-boat, after having failed to enter her dock at Atlantic street, should have returned to her berth at Whitehall. But the master and hands owed a duty to the passengers on board, which they would have greatly failed to fulfil if further efforts had not been made to enable them to reach their homes. These efforts, in my judgment, are entitled to commendation rather than censure, and manifest a spirit and energy corresponding to the dangers and difficulties of the occasion, and to the responsibilities arising out of it.

The locality of the schooner, as unskilful and improper, has been relied on on the part of the claimants, and the circumstance that it was the purpose of the pilot of the ferry-boat to enter the slip ahead of the schooner. But these points are in controversy upon the evidence. I have preferred to place my opinion upon the undisputed facts in the case. The decree of the court below is affirmed.

BROOKLYN (ALLEN v.). See Case No. 218.

BROOKLYN (BLISS v.). See Cases Nos. 1,544–1,546.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]